UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

**JOY PERRY, doing business as
FREEDOM THROUGH CHRIST
PRISON MINISTRY and PRISON
PEN PALS, and
WRITEAPRISONER.COM, INC.,**
a Florida corporation,

        Plaintiffs,

vs.                                                                 Case No.: 3:09-cv-403-MMH-JRK

**BARRY REDDISH**, in his official capacity
as Warden at Union Correctional Institution,
**STEVE SINGER**, in his official capacity
as Warden at Florida State Prison, **KIM
SOUTHERLAND**, in her official capacity
as Warden at Lowell Correctional
Institution, and **WALTER A. MCNEIL**,
in his official capacity as Secretary of the
Florida Department of Corrections,

        Defendants.



## DEFENDANTS' MOTION TO DISMISS

      Defendants Reddish, Singer, Southerland, and McNeil, through undersigned counsel, move to dismiss Count III of the First Amended Complaint (FAC). In support, Defendants state the following:

      1.      On November 17, 2009, Plaintiffs filed their FAC in this Court alleging

1

violation of their First and Fourteenth Amendment rights, (Count I & II) as well as violation of Plaintiff Perry's rights under the Religious Land Use and Institutionalized Persons Act (RLUIPA) and the Florida Religious Freedom Restoration Act of 1998 (FRFRA).

2. Under RLUIPA, Plaintiff Perry claims a substantial burden on her religious exercise in two ways. First, she claims that "Defendant officials' actions in denying 'Freedom Through Christ Prison Ministry' and its free world membership their right to minister to inmates and to connect inmates to free world correspondents for religious counseling unlawfully imposes *a substantial burden on the free exercise of Plaintiff Joy Perry. . .*" (Doc. 26. Pg. 17). (emphasis added).

3. Second, Plaintiff Perry claims that "Rule §33-210.101(9), F.A.C., *substantially chills Plaintiff Perry's* 'Freedom Through Christ Prison Ministry's' ability to minister to those inmates desiring to hear the Gospel; chills the inmates' right to hear and participate in plaintiff Perry's prison ministry, and therefore violates RLUIPA…" (Doc. 26, pg.17).

4. However, Plaintiff Perry lacks standing to bring a RLUIPA claim either on her own behalf or on behalf of prison inmates.

**MEMORANDUM OF LAW**

**I.**

2

**Plaintiff Perry lacks standing to bring a claim under RLUIPA.**

RLUIPA, 42 U.S.C. § 2000cc-1(a) states:

No government shall impose *a substantial burden on the religious exercise of a person residing in or confined to an institution*, as defined in section 1997 of this title, even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person--

(1) is in furtherance of a compelling governmental interest; and

(2) is the least restrictive means of furthering that compelling governmental interest.

(emphasis added). Clearly, the plain language of the statute allows only for an institutionalized[1] person to bring suit where it is the institutionalized person's rights

---

[1] 42 U.S.C. § 1997(1) states:

**(1)** The term "institution" means any facility or institution--

**(A)** which is owned, operated, or managed by, or provides services on behalf of any State or political subdivision of a State; and

**(B)** which is--

**(i)** for persons who are mentally ill, disabled, or retarded, or chronically ill or handicapped;
**(ii)** a jail, prison, or other correctional facility;
**(iii)** a pretrial detention facility;
**(iv)** for juveniles--

**(I)** held awaiting trial;

**(II)** residing in such facility or institution for purposes of receiving care or treatment; or

which are being violated. Thus, Plaintiff Perry, as a non-institutionalized person, has no statutory authority under RLUIPA to enforce any alleged personal right she claims is being violated. <u>McCollum v. State of California</u>, No. C 04-03339 CRB, 2006 WL 2263912, at *2 (N.D. Cal. Aug. 08, 2006) (noting that due to the plain language of RLUIPA, "It is thus unsurprising that McCollum is unable to identify any court that has allowed a non-institutionalized person to make a RLUIPA claim under the above section").

This reading of the statute – that only institutionalized person may bring a claim under 42 U.S.C. § 2000cc-1(a) – is buttressed by the fact that writers of RLUIPA specifically stated that the Prison Litigation Reform Act of 1995 fully applied to RLUIPA. 42 U.S.C. § 2000cc-2(e). Thus, institutionalized persons bringing claims under 42 U.S.C. § 2000cc-1(a) continue to be under the requirement to exhaust administrative remedies prior to filing suit. <u>See</u> Derek L. Gaubatz, <u>RLUIPA at Four: Evaluating the Success and Constitutionality of RLUIPA's Prisoner Provisions</u>, 28 Harv. J.L. & Pub. Pol'y 501, 513 (2005).

---

**(III)** residing for any State purpose in such facility or institution (other than a residential facility providing only elementary or secondary education that is not an institution in which reside juveniles who are adjudicated delinquent, in need of supervision, neglected, placed in State custody, mentally ill or disabled, mentally retarded, or chronically ill or handicapped); or

**(v)** providing skilled nursing, intermediate or long-term care, or custodial or residential care.

Furthermore, RLUIPA was passed by Congress to remedy the striking down of the Religious Freedom Restoration Act and to specifically address laws governing institutionalized persons and land use laws. Id. at 510 ("After numerous hearings and two draft bills, the new law was eventually narrowed to address 'those areas of law where the congressional record of religious discrimination and discretionary burden was the strongest:' laws governing institutionalized persons (i.e., prisoners and persons in mental institutions) and land use laws").

Thus, the plain language of 42 U.S.C. § 2000cc-1(a), the accompanying section requiring exhaustion of administrative remedies, and the areas Congress specifically wished to address through RLUIPA all point to the conclusion that Plaintiff Perry, as a non-institutionalized person, has no statutory authority to bring an action under 42 U.S.C. § 2000cc-1(a). Accordingly, Count III of the FAC should be dismissed.

## II.

**Plaintiff Perry lacks standing to bring a RLUIPA claim on behalf of a third party.**

To the extent Plaintiff Perry may be seeking to bring in Count III of the FAC a RLUIPA claim on behalf of any non-party inmate or any non-party religious group, she lacks standing to do so. Warth v. Seldin, 422 U.S. 490, 499 (1975) ("[T]his Court has held that the plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties.");

Miccosukee Tribe of Indians of Fla. v. Fla. State Athletic Comm'n, 226 F.3d 1226, 1230 (11th Cir. 2000) ("Absent exceptional circumstances, a third party does not have standing to challenge injury to another party."); Williams v. U.S. Dept. of Justice, Civil Action No. 08-2631-KHV, 2009 WL 1313253, at *2 n.7 (D. Kan. May 12, 2009) ("To the extent plaintiff purports to bring RFRA and RLUIPA claims on behalf of her imprisoned sons, those claims fail because plaintiff lacks standing to assert civil rights actions on their behalf."); McCollum, 2006 WL 2263912, at *2 (noting that "[RLUIPA] provides that it is limited to claims brought by those on whom the burden is placed").

And in, Archuleta v. McShan, 897 F.d.495, 497 (10th Cir. 1990), the circuit court noted:

> We must also keep firmly in mind the well-settled principle that a section 1983 claim must be based upon the violation of plaintiff's personal rights, and not the rights of someone else. Dohaish v. Tooley, 670 F.2d 934, 936 (10th Cir.) ("[T]he § 1983 civil rights action is a personal suit. It does not accrue to a relative, even the father of the deceased."), cert. denied, 459 U.S. 826, 103 S.Ct. 60, 74 L.Ed.2d 63 (1982); see also Coon v. Ledbetter, 780 F.2d 1158, 1160-61 (5th Cir. 1986); Trujillo v. Board of County Commissioners, 768 F.2d 1186, 1187 (10th Cir. 1985). Thus, regardless of what happened to plaintiff's father, this case turns upon whether plaintiff personally suffered any deprivation of a constitutional right possessed by him individually.

See also, Kelly v. Rockerfeller, 69 Fed.Appx. 414, 2003 WL 21386338 (10th Cir.

2003), citing to <u>Archuleta</u>, supra.[2]

For the aforementioned reasons, Defendants' Motion to Dismiss Count III of the FAC should be granted and Plaintiff Perry's claims under RLUIPA dismissed.

        Respectfully Submitted,

        **BILL McCOLLUM**
        **ATTORNEY GENERAL**

        <u>/s/ Joe Belitzky</u>
        JOE BELITZKY
        Assistant Attorney General
        Florida Bar No. 0217301
        Office of the Attorney General
        The Capitol, Suite PL-01
        Tallahassee Florida 32399-1050
        Telephone: (850) 414-3300
        Joe.Belitzky@myfloridalegal.com

        <u>/s/ Shelly L. Marks</u>
        Shelly L. Marks
        Assistant Attorney General
        Florida Bar No. 0676063
        Office of the Attorney General
        The Capitol, Suite PL-01
        Tallahassee Florida 32399-1050
        Telephone: (850) 414-3300
        Shelly.Marks@myfloridalegal.com

---

2 For the above reasons, other references in the FAC to the alleged denial by Defendants of inmate subscribers' rights should be stricken for lack of standing. See, Doc. 26, pg.12, parag. 36, second sentence; pg. 15, parag. 47 ("and in denying inmate subscribers their right…."Prison Pen Pals, …"); parag. 50 ("and in denying inmate subscribers their right….WriteAPrsioner.com's correspondence, …);  Doc. 26, pg 17, parag.56 ("chills the inmates' right to hear and participate in plaintiff Perry's prison ministry…"); pg. 19, parag; 64 ("chills the inmates'  right to hear and participate in plaintiff Perry's prison ministry, …").

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished electronically through the court's CM/ECF system to counsel of record on this 8th day of December, 2009.

/s/ Joe Belitzky
JOE BELITZKY