## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### Jacksonville Division

### Case No. 3:09-cv-403-J-34 JRK

| | |
|---|---|
| JOY PERRY, doing business as FREEDOM THROUGH CHRIST PRISON MINISTRY and PRISON PEN PALS, and WRITEAPRISONER.COM, INC., a Florida corporation, | ) ) ) ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| BARRY REDDISH, in his official capacity as Warden at Union Correctional Institution, STEVEN SINGER, in his official capacity as Warden at Florida State Prison, KIM SOUTHERLAND, in her official capacity as Warden at the Lowell Correctional Institution, and WALTER A. McNEIL, in his official capacity as Secretary of the Florida Department of Corrections, | ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) ) |

### PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO AMEND CASE MANAGEMENT AND SCHEDULING ORDER

Plaintiffs, Joy Perry, doing business as "Freedom Through Christ Prison Ministry" and 'Prison Pen Pals," and WriteAPrisoner.com, Inc., by and through undersigned counsel, pursuant to Local Rule 3.01(b), M.D. Fla., strongly oppose Defendants' Motion to Amend

{07025029;2}

the Case Management and Scheduling Order (DE 48) (hereinafter "Motion"), and request it be denied for the reasons stated below.

Defendants' Motion to reopen discovery nearly six (6) months after it closed to add a witness is simply too late, lacks good cause and substantial justification, and is severely prejudicial.  Mr. Arnold should not be allowed to testify in any capacity whatsoever.  It is patently obvious that Defendants' lack good cause to reopen discovery because they failed to exercise due diligence in locating Mr. Arnold.  Furthermore, any information Mr. Arnold might supply is redundant and unnecessary.  Defendants have not provided any documents supporting the basis for Mr. Arnold's testimony, and reopening discovery at this late date -- nearly a month after the submission of cross Motions for Summary Judgment -- would severely prejudice the Plaintiffs.  Moreover, and despite Defendants' assertions to the contrary, reopening discovery at this late date would take far longer than a month as it would require the taking of Mr. Martin's deposition in Kentucky, perhaps locating a rebuttal witness, retaking expert witness depositions, new requests for the production of documents, the filing of revised Motions for Summary Judgment and Responses, and setting a new trial date.

Defendants are playing "fast and loose" with this Court's prior Case Management and Scheduling Order and are flaunting the requirement that the parties adhere to a schedule and timely disclose witnesses.  This lawsuit was filed over a year ago on May 4, 2009.  This Court issued a Case Management and Scheduling Order on July 7, 2009.  DE 15.  This Scheduling Order set a discovery deadline of January 29, 2010.  Mandatory Initial Disclosures were required to be served pursuant to Rule 26(a)(1) on July 27, 2009.  The parties already

filed cross Motions for Summary Judgment on May 14, 2010 (DE 43, 44), some three and a half months after the close of discovery, and long after all fact and expert witnesses had been identified and deposed.   Responses to the summary judgment motions are due tomorrow, June 15, 2010.  DE 47.

"Out of the clear blue," on May 26, 2010, Defendants' identify for the first time an additional fact witness and former employee of the Florida Department of Corrections, a Mr. Arnold, whose identity was never disclosed during the discovery.   Defendants attempt to boot strap an argument of "good cause" on the basis of only locating Mr. Martin a few days ago and just acquiring his affidavit.  Def. Motion, p. 5.  Defendants state that Mr. Arnold was located by virtue of a sixteen (16) year old *Miami Herald* article dated 1994.  DE 48.   Yet Defendants provide no justification at all, as to why this old newspaper article and Mr. Arnold could not have been easily located had Defendants exercised even a modicum of due diligence during discovery.  **Put simply, if Defendants just now found the 1994 article and located Mr. Arnold one day later in May 2010, they certainly could have done similarly in 2009 long before the close of discovery**.  Defendants' request to reopen discovery at the very last moment to add this fact witness, who they intend to use in response to Plaintiffs' Motion for Summary Judgment and perhaps at trial should not be permitted.

The rules and case law governing the modification of a scheduling order and failure to disclose a witness have very similar discretionary standards.  Both require that the moving party show they have good cause and have exercised due diligence, none of which Defen-

dants have done here.  Pursuant to Rule 16(b)(4), Fed.R.Civ.P.,[1] the moving party has the

burden to show "good cause," and this entails showing that the party exercised diligence.

Sosa v. Airprint Sys., Inc., 133 F.3d 1417, 1418 (11th Cir. 1998) (finding that the failure to

comply with the court's scheduling order was due to Plaintiff's lack of diligence in pursuing

the claim ); Woolfolk v. Columbia County, 2008 U.S. Dist. LEXIS 39958, at *4 (M.D. Fla.

2008) (denying plaintiffs' motion to amend for failing to explain their undue delay in amend-

ing); Furmanite Am., Inc. v. T.D. Williamson, Inc., 2007 U.S. Dist. LEXIS 23869, * 4 (M.D.

Fla. 2007) (holding that recently discovered new evidence is disingenuous and thus insuffi-

cient to show good cause).

    In Defendants' Motion to Amend Case Management and Scheduling Order, they cite

to cases, which have found good cause in extenuating circumstances; however, they fail to

show any such extenuating circumstances preventing them from discovering the 1994 *Miami

Herald* article earlier and contacting Mr. Arnold before the discovery deadline.  For example,

in Parkway Gallery Furniture, Inc. v. Kittinger/Pennsylavania House, the court granted plain-

tiffs' out-of-time depositions, because "an aligned nonparty… resid[ing] out-of-district" was

"thwarting and delaying legitimate requests by plaintiffs and even those made by defendant."

116 F.R.D. 363, (M.D. N.C. 1987).  Defendants also cite to Sweetheart Plastics, Inc. v. De-

troit Forming, Inc., where plaintiffs were allowed leave to amend, because they received de-

layed discovery documents from opposing counsel, which provided evidence for a new cause

---

[1] "**Modifying a Schedule**.  A schedule may be modified only for good cause and with the
judge's consent."

of action. 743 F. 2d 1039, 1042 (4th Cir. 1984).[2]  In both these cases, the courts found that

the moving party had acted diligently, and outside circumstances prevented them from acting

sooner.  Defendants have shown no such extenuating circumstances preventing them from

doing an Internet search and locating the 1994 *Miami Herald* article long before the discov-

ery deadline.

Defendants primarily cite to cases in which Plaintiffs sought to amend their com-

plaints after the deadline; however, this situation is more akin to cases in which parties seek

to reopen discovery and add evidence from undisclosed witnesses at a late date.  In those

cases, courts routinely deny such requests.  *See, e.g.*, Parks v. City of Carrollton, 2005 U.S.

App. LEXIS 19917 *3-4 (11th Cir.) (affirming the denial of a request to reopen discovery

when the request was made with a motion to compel six months after the discovery dead-

line); Saewitz v. Lexington Ins. Co., 133 Fed. Appx 695, 698 (11th Cir. 2005) (denying a

motion to reopen discovery more than a month after the deadline for undue delay); Ray v.

Equifax Info. Servs., LLC, 327 Fed. Appx. 819, 824 (11th Cir. 2009) (denying the extension

and reopening of discovery in part because plaintiff failed to show how further discovery

would have been helpful in resolving the issues).

Federal Rule of Civil Procedure 37(c)(1) governs the exclusion of a witness or infor-

mation from a witness where a party has failed to disclose that information, as required by

---

[2] Defendants' quotation from Forstmann v. Culp, 114 F.R.D. 83, 86 n.1 (M.D.N.C. 1987), " 'Good cause' for modifying the scheduling order might exist if … plaintiff uncovered pre- viously unknown facts during discovery that would support an additional cause of action," is simply a reference to Sweetheart Plastics, Inc., where the facts were undiscoverable at an ear- lier date.

Rule 26(a) or (e). [3]  District courts have "wide latitude to exclude untimely submissions."

Bearint v. Dorell Juvenile, 389 F.3d 1339, 1349  (11th Cir. 2004) (holding that the district

court did not abuse its discretion in excluding an expert report for being untimely where the

proffering party waited until trial to request its submission, which was four months after the

report was published).  When a party fails to disclose a witness on time, the witness or the

information from the witness may not be used in a motion, hearing or at trial "unless the fail-

ure is substantially justified or is harmless."  Fed. R. Civ. P. Rule 37(c)(1).  Such is clearly

not the case here.

Defendants failed to exercise due diligence in preparing their case, and are not sub-

stantially justified in adding him at this late date.  This is certainly not harmless.  According-

ly, Defendants should not be allowed to reopen discovery or use Mr. Arnold as a witness in

summary judgment or at trial.  Moreover, Defendants have not produced a shred of documen-

tary evidence supporting the basis for Mr. Arnold's testimony.  A parties' lack of diligence

has been a very significant factor in favor of excluding evidence past the deadline.  Lips v.

City of Hollywood, 350 Fed. Appx. 328, 341 (11th Cir. 2009); Romero v. Drummond Co.,

---

[3] "**(1) Failure to Disclose or Supplement.** If a party fails to provide information or identify a
witness as required by Rule 26(a) or 26(e), the party is not allowed to use that information or
witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was sub-
stantially justified or is harmless.  In addition to or instead of this sanction, the court, on mo-
tion and after giving an opportunity to be heard:

> (A) may order payment of the reasonable expenses, including attorney's fees, caused
> by the failure;
> (B) may inform the jury of the party's failure; and
> (C) may impose other appropriate sanctions, including any of the orders listed in Rule
> 37(b)(2)(A)(i)-(vi)."

552 F.3d 1303, 1322 (11th Cir. 2008) (finding no abuse of discretion in the exclusion of evidence when the failure to disclose was based in part on plaintiffs' own lack of diligence).

Defendants disingenuously claim that counsel exercised due diligence, and that the witness "could not have been discovered prior to discovery closing." DE 48 at 5. That assertion is patently false and misleading. For Defendants admit to finding Mr. Arnold this past month in a *Miami Herald* article dated July 28, 1994, which was easily discoverable for the past 14 years and certainly at any time during the discovery period. DE 48, ¶ 1. Additionally, locating Mr. Arnold was a piece of cake, as he is presumably drawing retirement from the State of Florida, and therefore easily locatable by Defendants. If he is not drawing State retirement, Defendants have at their disposal, the resources of the State, including the Florida Department of Law Enforcement to easily locate Mr. Arnold. In fact, by Defendants own admission, after they stumbled upon the 1994 newspaper article, it only took one day to locate Mr. Arnold once they began looking for him. DE 48, ¶¶ 3-5. Good cause, due diligence, substantial justification, and harmless? Hardly.

Defendants do not argue that Mr. Arnold's affidavit is dispositive on any issue. Moreover, Defendants have filed their Motion for Summary Judgment on the basis there are no material facts in dispute. DE 43. Assuming that to be true, then by definition, this additional fact witness for the Defendants is cumulative and redundant, in addition to severely prejudicial to the Plaintiffs. "In determining whether the failure to disclose was justified or harmless, we consider the non-disclosing party's explanation for its failure to disclose, the importance of the information, and any prejudice to the opposing party if the information had

{07025029;2}

- 7 -

been admitted." <u>Lips</u>, 350 Fed. Appx. at 328 (finding no abuse of discretion in the exclusion of a 911 tape due counsel's lack of diligence); <u>Pete's Towing Co. v. City of Tampa</u>, 2010 U.S. App. LEXIS 9331, *6-7 (11th Cir. May 6, 2010).

The Eleventh Circuit recently affirmed a district court's exclusion of an affidavit from a new fact witness to be used in a party's response in opposition to a motion for summary judgment, where, as here, the opposing party's motion for summary judgment had already been filed, stating that the motion "did not seek to add additional causes of action or parties, but merely additional bases in support of the original claims," and it was denied, "for undue delay and resulting prejudice to the defendants." <u>Pete's Towing Co.</u>, 2010 U.S. App. LEXIS 9331 at *4.  The exact same reasoning is applicable here.

<u>**Conclusion**</u>

Because Defendants' Motion to Amend Case Management and Scheduling Order fails to show good cause for reopening discovery and allowing Defendants to introduce Mr. Arnold's affidavit, this Court should deny Defendants' Motion and not allow Mr. Arnold to appear by way of affidavit during summary judgment or, if summary judgment is not entered, to testify as a witness at trial.

Respectfully submitted,

Randall C. Berg, Jr., Esq.
Florida Bar No. 318371
Joshua A. Glickman, Esq.
Florida Bar No. 43994
Shawn A. Heller, Esq.
Florida Bar No. 46346
Florida Justice Institute, Inc.
3750 Miami Tower
100 S.E. Second Street
Miami, Florida 33131-2309
305-358-2081
305-358-0910 (FAX)
E-mail: *RBerg@FloridaJusticeInstitute.org*
E-mail: *JGlickman@FloridaJusticeInstitute.org*
E-mail: *SHeller@FloridaJusticeInstitute.org*

Attorneys for the Plaintiffs

By: ___*s/Randall C. Berg, Jr.*_____.
Randall C. Berg, Jr., Esq.
Florida Bar No. 318371

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 14, 2010, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*s/ Randall C. Berg, JR.*
Randall C. Berg, Jr., Esq.

{07025029;2}

- 9 -

**SERVICE LIST**
**Case No. 3:09-cv-403-J-34 JRK**
**Middle District of Florida, Jacksonville Division**

by CM/ECF:

**Counsel for the Defendants**

Joe Belitzky
Assistant Attorney General
Office of the Attorney General
PL-01 - The Capitol
400 S Monroe St
Tallahassee , FL 32399
850/414-3669
Fax: 856/488-4872
Email: joe_belitzky@oag.state.fl.us

Shelly L. Marks
Assistant Attorney General
Corrections Litigation Bureau
Office of the Attorney General
State of Florida
The Capitol, PL-01
Tallahassee, Florida 32399-1050
(850) 414-3647
Email:  Shelly.Marks@myfloridalegal.com

Lance Neff
Assistant Attorney General
Corrections Litigation Bureau
Office of the Attorney General
State of Florida
The Capitol, PL-01
Tallahassee, Florida 32399-1050
(850) 414-3647
Email:  Lance.Neff@myfloridalegal.com

{07025029;2}