# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### Jacksonville Division

| | |
|---|---|
| JOY PERRY, *et al.*, | ) |
| Plaintiffs, | ) |
| v. | ) Case No. 3:09-cv-403-J-34 JRK |
| BARRY REDDISH, *et al.*, | ) |
| Defendants. | ) |

**PLAINTIFFS' REPLY TO DEFENDANTS' RESPONSE IN OPPOSITION TO MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

Plaintiffs, by and through undersigned counsel, pursuant to Local Rule 3.01(c), Middle District of Florida, and this Court's Order (D.E. 74), hereby file their Reply to Defendants' Response in Opposition to Motion for Leave to File Second Amended Complaint, and in support state:

1. On July 21, 2010, Plaintiffs filed a Motion for Leave to File a Second Amended Complaint in the above captioned matter (D.E. 68), after discovery had been reopened to allow Plaintiffs to depose a witness disclosed by Defendants after the filing of initial summary judgment motions (D.E. 59), and after all motions for summary judgment currently pending were resultantly struck by the Court (D.E.s 64, 67).

2. On August 2, 2010, Defendants filed a Response in Opposition to Plaintiffs' Motion for Leave to File a Second Amended Complaint (hereinafter "Response") (D.E. 71).

3. In their Response, Defendants allege that Plaintiffs' amendments should be denied for the sole reason that, in Defendants' opinion, Plaintiffs could have moved to amend

the complaint earlier in the case and failed to do so.  Response at 3, 5.  Such general protestations of delay, however, are insufficient grounds for denying leave to amend unless such delay is accompanied by prejudice, bad faith, or futility, none of which Defendants have alleged exist here, and none of which apply in this case.  *See Island Creek Coal Co. v. Lake Shore, Inc.*, 832 F.2d 274, 279 (4th Cir. 1987) (quoting *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986)) ("[M]ere delay in moving to amend is 'not sufficient reason to deny leave to amend,' it is only when '[t]he delay [i]s accompanied by prejudice, bad faith, or futility.'"); *see also Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir. 1980).

      4.     Indeed, while Defendants claim to paraphrase and cite to a plethora of cases in support of their argument that Plaintiffs' amendments should be denied solely because of Plaintiffs' supposed "delay," Defendants fail to disclose that every case cited in Defendants' Response focuses – like *Island Creek Coal Co.* and *Davis* – on the prejudice suffered by the opposing party due to pending summary judgment motions as the basis for the denial of the moving party's motion to amend.  *See Reese v. Herbert*, 527 F.3d 1253, 1263 (11th Cir. 2008) (denying leave to amend where court regarded motion "merely as an attempt to defeat the pending summary judgment motions."); *Systems Unlimited, Inc. v. Cisco Systems, Inc.*, 228 Fed. App'x 854, 857 (11th Cir. 2007) (denying leave to amend where defendant would be unduly prejudiced by the necessity of an additional round of summary judgment motions); *Southern Grouts & Mortars, Inc. v. 3M Co.*, 575 F.3d 1235, 1241 (11th Cir. 2009) (denying leave to amend where issues raised by amendments had already been discussed in pending summary judgment motions); *Layfield v. Bill Heard Chevrolet Co.*, 607 F.2d 1097, 1099 (5th Cir. 1979) (denying leave to amend after summary judgment motions had been filed and for

failure to comply with local rule); *Local 472 of United Ass'n of Journeymen and Apprentices of Plumbing and Pipefitting Industry of the United States and Canda v. Georgia Power Co.*, 684 F.2d 721, 724 (11th Cir. 1982) (denying leave to amend where court regarded motion as "nothing more than an effort to avoid an adverse summary judgment ruling."); *Priddy v. Edelman*, 883 F.2d 438, 447 (6th Cir. 1989) (denying leave to amend where defendants would be prejudiced by having to re-do summary judgment motions); *Henson v. Columbus Bank & Trust Co.*, 770 F.2d 1566, 1574 (11th Cir. 1985).

5. Unlike the cases cited by Defendants, here no prejudice will result to Defendants as a result of the amendment to Plaintiffs' complaint. Plaintiffs' additional due process claim is a purely legal cause of action, and, unlike Defendants' recent amendment to this Court's discovery deadline to allow for the introduction and deposition of a "newly discovered witness," should require no additional discovery by either party, should not necessitate a continuance of the February 2011 trial term, and, since there are no pending motions for summary judgment, will not necessitate the redrafting of any dispositive motions by either party.

WHEREFORE Plaintiffs respectfully request this Court grant Plaintiffs' Motion for Leave to File Second Amended Complaint, and that Plaintiffs' Second Amended Complaint be deemed filed as of the granting of Plaintiffs' Motion.

> Respectfully submitted,
>
> **FLORIDA JUSTICE INSTITUTE, INC.**
>
> By: *s/Joshua A. Glickman*
> Joshua A. Glickman, Esq.
> Florida Bar No. 43994
> JGlickman@FloridaJusticeInstitute.org

Randall C. Berg, Jr., Esq.
Florida Bar No. 318371
Shawn A. Heller, Esq.
Florida Bar No. 46346

3750 Miami Tower
100 S.E. Second Street
Miami, Florida 33131-2309
(305) 358-2081
(305) 358-0910 (facsimile)

Counsel for Plaintiffs

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August 31, 2010, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

　*s/Joshua A. Glickman*　
Joshua A. Glickman, Esq.

**SERVICE LIST**
**Case No. 3:09-cv-403-J-34 JRK**
**Middle District of Florida, Jacksonville Division**

by CM/ECF:

**Counsel for the Defendants**

Joe Belitzky, Esq.
Office of the Attorney General
PL-01 - The Capitol
400 S Monroe St
Tallahassee, FL 32399
850/414-3669
Fax: 856/488-4872
Email: joe_belitzky@oag.state.fl.us

Shelly L. Marks
Assistant Attorney General
Corrections Litigation Bureau
Office of the Attorney General
State of Florida
The Capitol, PL-01
Tallahassee, Florida 32399-1050
(850) 414-3647
Email:  Shelly.Marks@myfloridalegal.com

Lance Neff
Assistant Attorney General
Corrections Litigation Bureau
Office of the Attorney General
State of Florida
The Capitol, PL-01
Tallahassee, Florida 32399-1050
(850) 414-3647
Email:  Lance.Neff@myfloridalegal.com