**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

JOY PERRY, a Florida corporation doing
business as Freedom Through Christ
Prison Ministry, doing business as
Prison Pen Pals, doing business as
Writeaprisoner.com.Inc, et al.,

                    Plaintiffs,

vs.                                    Case No.  3:09-cv-403-J-34JRK

WALTER A. MCNEIL, in his official
capacity as Secretary of the Florida
Department of Corrections, et al.,

                    Defendants.

_____/

# O R D E R

      This cause is before the Court on Plaintiffs' Motion for Leave to File Second Amended

Complaint (Doc. No. 68; "Motion"), filed July 21, 2010.  The Motion is opposed.  See

Defendants' Response in Opposition to Motion for Leave to File Second Amended Complaint

(Doc. No. 71; "Response"), filed August 2, 2010.  On August 3, 2010, Plaintiffs moved for

leave of Court to file a reply to the Response.  See Plaintiffs' Motion for Leave to Reply to

Defendants' Response in Opposition to Motion for Leave to File Second Amended Complaint

(Doc. No. 72).  Defendants objected thereto.  See Defendants' Memorandum in Opposition

to Plaintiffs' Motion for Leave to File Reply, Etc. (Doc. No. 73), filed August 5, 2010.  Leave

to reply was granted on August 27, 2010 (Doc. No. 74), and on August 31, 2010, Plaintiffs'

Reply to Defendants' Response in Opposition to Motion for Leave to File Second Amended

Complaint (Doc. No. 75; "Reply") was filed.  The matter has been fully briefed and is ripe for a decision.

Plaintiffs commenced this case on May 5, 2009 by filing a Complaint (Doc. No. 1) against one of the current Defendants and others alleging violations of 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act ("RLUIPA").  Compl. at 1-2.  Thereafter, on November 17, 2009, Plaintiffs filed a First Amended Complaint (Doc. No. 26), which is currently operative.   Plaintiffs state the First Amended Complaint is brought pursuant to Section 1983, the RLUIPA, and the Florida Religious Freedom Restoration Act of 1998 ("FRFRA").  First Am. Compl. at 1-2.  Plaintiffs "seek [, inter alia,] to enjoin defendant officials at the Florida Department of Corrections . . . from banning, in violation of the First and Fourteenth Amendments to the U.S. Constitution, RLUPIA and FRFRA, the receipt by inmates of Plaintiffs' written materials pertaining to the posting of solicitations for religious pen pals and pen pals for other lawful purposes, for censoring inmates who write the Plaintiffs desirous of using their services to solicit religious pen pals and pen pals for other lawful purposes, and for substantially burdening [Plaintiff] Perry's prison ministry program and making it impossible to carry out her ministry and religious calling."  Id. at 2.

In the Motion, Plaintiffs seek leave to file a second amended complaint "to include a due process claim based on the lack of" a procedure "to obtain approval to be allowed to send inmates written materials pertaining to the posting of solicitations of pen pals for lawful purposes."  Motion at 3.  Plaintiffs contend that the "additional due process claim is largely the result of opinions elicited from Defendants' witness – Steve Arnold – first disclosed to Plaintiffs after the deadline for amendment had already passed."  Id. at 6.  Mr. Arnold is a

former Department of Corrections employee.  Response at 1.  During his deposition on June 30, 2010, Mr. Arnold responded affirmatively to the following questions posed by Plaintiffs' counsel: "[In] your opinion should the department have a procedure of approval that it goes through for letting in certain pen pal solicitation programs . . ."; "[S]hould that procedure include criminal background checks of both the person operating the program as well as the persons. . . that are coming in?"   Response at Exh. A, p. 2.  Plaintiffs contend the amendment "should require no additional discovery by either party, should not necessitate a continuance of this matter's February 2011 trial term, and, since there are no pending motions for summary judgment before the Court at this time, will not necessitate the redrafting of any dispositive motions by either party."  Motion at 5.

Defendants respond that "[f]rom the outset of this case, Plaintiffs knew or should have known of their alleged lack of an avenue to protest the rejection of their mail."  Response at 3.  "Plaintiffs were . . . cognizant of the [newly-proposed] claim regardless of the substance of the response from Mr. Arnold as Mr. Arnold merely stated 'yes.'"  Id. at 2 n.1.  Therefore, Defendants assert that the Motion "should be denied for lack of good cause and due diligence."  Id. at 6.

Plaintiffs respond that whatever delay Defendants point to is not accompanied by prejudice, bad faith, or futility.  Reply at 2.  Specifically, with respect to prejudice, Plaintiffs reiterate their previous contentions that no additional discovery will be required; there are no pending motions for summary judgment; and the February 2011 trial will not need to be continued.  Id. at 3.

Motions to amend pleadings before trial are generally governed by Rule 15(a)(2), Federal Rules of Civil Procedure ("Rule(s)"), which states in relevant part: "a party may amend its pleading only with the opposing party's written consent or with the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). If the Case Management Order sets a deadline for motions to amend pleadings, motions to amend pleadings filed after that deadline are held to Rule 16(b)(4)'s requirement of showing "good cause" for modifying a Case Management Order. Sosa v. Airprint Sys., Inc., 133 F.3d 1417, 1419 (11th Cir. 1998). "Th[e] good cause standard [to modify a Case Management Order] precludes modification unless the schedule cannot 'be met despite the diligence of the party seeking the extension.'" Sosa, 133 F.3d at 1418 (quoting Fed. R. Civ. P. 16 advisory committee's note). Three factors are relevant in assessing whether a party has been diligent in meeting deadlines in a Case Management Order: 1) whether the party "failed to ascertain facts prior to filing [the pleading] and to acquire information during the discovery period"; 2) whether "the information supporting the proposed amendment was available to the [party]"; and 3) whether, "even after acquiring information, the [party] delayed in asking for amendment." Lord v. Fairway Elec. Corp., 223 F. Supp. 2d 1270, 1277 (M.D. Fla. 2002) (citing Sosa, 133 F.3d at 1418-19).

Here, the deadline for seeking to amend was October 30, 2009. See Case Management and Scheduling Order (Doc. No. 15), as modified by Order (Doc. No. 17). Therefore, Plaintiffs are held to Rule 16(b)(4)'s requirement of showing "good cause" to modify the Case Management and Scheduling Order. Upon review of the pertinent filings, the procedural posture of the case, and the above factors, the Court finds good cause to

-4-

modify the Order.  <u>See</u> Fed. R. Civ. P. 16(b)(4); <u>Auto-Owners Ins. Co. v. Ace Elec. Serv.</u>,

Inc., 648 F. Supp. 2d 1371, 1377-78 (M.D. Fla. 2009) (noting that the Eleventh Circuit "has

never foreclosed the possibility that good cause can be demonstrated by facts external to

the parties' conduct" even when the party seeking amendment "has failed to demonstrate

diligence under <u>Sosa</u>").  It appears from the filings Plaintiffs may have had information prior

to Mr. Arnold's deposition that would have allowed them to assess earlier whether the

potential claim they seek to add would be feasible; nevertheless, Mr. Arnold's testimony

served to confirm the feasability of the claim.[1]  In the Court's view, good cause has been

demonstrated.  Accordingly, the undersigned proceeds with analyzing whether amendment

is proper pursuant to Rule 15.

The United States Supreme Court has declared that Rule 15(a)'s mandate of allowing

amendments when required by justice "is to be heeded." <u>Foman v. Davis</u>, 371 U.S. 178, 182

(1962).  Specifically, the Supreme Court instructed in <u>Foman</u>:

> In the absence of any apparent or declared reason--such as undue delay, bad
> faith or dilatory motive on the part of the movant, repeated failure to cure
> deficiencies by amendments previously allowed, undue prejudice to the
> opposing party by virtue of allowance of the amendment, futility of amendment,
> etc.--the leave sought should, as the rules require, be "freely given."

<u>Id.</u> (citing Fed. R. Civ. P. 15(a)); <u>see also</u> <u>Forbus v. Sears Roebuck & Co.</u>, 30 F.3d 1402,

1405 (11th Cir. 994) (internal citation omitted).  Despite the timing of the Motion, the Court

finds that amendment should be permitted in this circumstance. Whatever hesitation

Plaintiffs may have engaged in does not appear to be motivated by bad faith or dilatory

---

[1]      Mr. Arnold's deposition was taken on June 30, 2010, after the Court reopened discovery for the limited purpose of allowing the parties to depose Mr. Arnold, over Plaintiffs' objection (Doc. No. 59).

motive.  Furthermore, although Defendants claim they "should not be unduly burdened by essentially having to start this litigation from scratch because Plaintiffs failed to fully consider their possible legal theories from the facts known to them from the commencement of this litigation" (Response at 6) (internal citation omitted), Defendants do not specifically point to any, and the Court does not find any, undue prejudice by the timing of the Motion. In fact, Plaintiffs contend, and Defendants do not dispute, that no further discovery is needed with respect to the new claim.  Accordingly, Plaintiffs "ought to be afforded an opportunity to test [their] claim on the merits." Foman, 371 U.S. at 182.[2]

After due consideration, it is

**ORDERED**:

1.     Plaintiffs' Motion for Leave to File Second Amended Complaint (Doc. No. 68) is **GRANTED**.

2.     The Clerk shall file the document attached to the Motion (Doc. No. 68-1) as Plaintiffs' Second Amended Complaint.

3.     Defendants' Motion to Dismiss (Doc. No. 28) is **DENIED as moot.**

4.     Defendants shall respond to the Second Amended Complaint within the time permitted by the Federal Rules of Civil Procedure.  The parties are reminded to comply with the Court's directives with respect to any forthcoming motions for summary judgment.  See

---

[2]        Defendants do not argue the Motion is futile so the Court does not address this ground for denying the amendment. See generally Response.

Order (Doc. No. 70).  Furthermore, the parties are reminded that the trial date for this case

is firm, and the Court does not anticipate any further deadline extensions.

      **DONE AND ORDERED** at Jacksonville, Florida on September 1, 2010.

                                              JAMES R. KLINDT

                                    United States Magistrate Judge

kaw

Copies to:

Counsel of Record

-7-