**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

JOY PERRY, a Florida corporation doing
business as Freedom Through Christ
Prison Ministry, doing business as
Prison Pen Pals, doing business as
Writeaprisoner.com.Inc, et al.,

                Plaintiffs,

vs.                                     Case No.  3:09-cv-403-J-34JRK

WALTER A. MCNEIL, in his official
capacity as Secretary of the Florida
Department of Corrections, et al.,

                Defendants.
_____/

**O R D E R**

      This cause is before the Court on Defendants' Motion for Costs and Attorney's Fees (Doc. No. 101; "Motion"), filed February 3, 2011.  The Motion is opposed.  See Plaintiffs' Response in Opposition to the Motion (Doc. No. 105; "Opposition"), filed March 8, 2011.  In the Motion, Defendants Barry Reddish, Steven Singer, Kim Southerland, and Walter A. McNeil ("Defendants") request attorney's fees and costs as the prevailing party in this case. See Motion at 1.  For the following reasons, the undersigned finds Defendants are not entitled to attorney's fees or to have travel, food, and lodging expenses taxed as costs pursuant to 42 U.S.C. § 1988.  Defendants, however, may recover certain costs in accordance with 28 U.S.C. § 1920.

**I.  Background**

This case was commenced on May 5, 2009.  See Complaint (Doc. No. 1).  Thereafter, Plaintiffs filed two amended complaints.  See Amended Complaint (Doc. No. 26), filed November 17, 2009, and Second Amended Complaint (Doc. No. 77), September 1, 2010.[1] Plaintiffs engage in the business of facilitating "pen pal" relationships between inmates and noninmates throughout the United States.  Second Am. Compl. at 4-5.  Once the pen pal relationships are established, inmates and noninmates exchange correspondence.  Id. at 7-11.  In the Second Amended Complaint, Plaintiffs raised the following claims:  Counts I and II – "Unconstitutional Censorship" of Plaintiffs pursuant to 42 U.S.C. § 1983; Count III – Violation of the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. §§ 2000cc et seq. ("RLUIPA"); Count IV – Violation of the Florida Religious Freedom Restoration Act of 1998, Fla. Stat. § 761.03 ("FRFRA"); Count V – Violation of Due Process pursuant to 42 U.S.C. § 1983.  Id. at 16-22.

On May 14, 2010, Defendants filed a Motion for Summary Judgment (Doc. No. 43), and Plaintiffs also filed a Motion for Summary Judgment (Doc. No. 44).  On July 1, 2010, the parties filed a Joint Motion for Additional Briefing on Defendants' Response in Opposition to Plaintiffs' Motion for Summary Judgment (Doc. No. 63) because of a "'newly discovered witness'" that Plaintiffs had not had the opportunity to question prior to submitting their Motion for Summary Judgment.  Doc. No. 63 at 1-2.  On July 7, 2010, the Court permitted Plaintiffs until July 26, 2010 to file an amended motion for summary judgment.  See Order

---

[1]         On May 29, 2009 Defendants filed a Motion to Dismiss the Complaint (Doc. No. 7). On November 18, 2009, the Court granted Plaintiffs leave to file the Amended Complaint, rendering the Motion to Dismiss moot.  See Order (Doc. No. 27).  Thereafter, Defendants filed a Motion to Dismiss the Amended Complaint (Doc. No. 29) on December 8, 2009.  On September 1, 2010, the Court granted Plaintiffs leave to file the Second Amended Complaint, rendering the second Motion to Dismiss moot.  See Order (Doc. No. 76).

(Doc. No. 64) at 3.  On July 16, 2010, Defendants moved for leave to file an amended motion for summary judgment (Doc. No. 65), which was granted, <u>see</u> Order (Doc. No. 67), entered July 21, 2010.  On October 18, 2010, Defendants filed an Amended Motion for Summary Judgment (Doc. No. 79), and Plaintiffs also filed an Amended Motion for Summary Judgment (Doc. No. 80).  On January 7, 2011, oral argument was held on the Amended Motions for Summary Judgment before the Honorable Paul A. Magnuson, United States District Judge.  <u>See</u> Minute Entry (Doc. No. 95).  Immediately following the motion hearing, the final pretrial conference was held before Judge Magnuson.  <u>See</u> Minute Entry (Doc. No. 96).

On January 14, 2011, an Order (Doc. No. 97; "January 14, 2011 Order") was entered granting Defendants' Amended Motion for Summary Judgment and denying Plaintiffs' Amended Motion for Summary Judgment.  Judgment was entered in favor of Defendants. <u>See</u> Judgment (Doc. No. 98), entered January 19, 2011; Amended Judgment (Doc. No. 99), entered January 28, 2011; and Second Amended Judgment (Doc. No. 100), also entered January 28, 2011.  The Second Amended Judgment provides that Plaintiffs "take nothing." <u>Id.</u> at 1.

## II.  Parties' Position

### A.     Motion

In the Motion, Defendants seek attorney's fees and travel, food, and lodging expenses pursuant to Section 1988.  <u>See</u> Motion at 1, 8.  Defendants assert they are entitled to recover attorney's fees because Plaintiffs' claims were frivolous, unreasonable, and/or without foundation.  <u>See</u> <u>id.</u> at 2-7.  With respect to Counts I and II, Defendants

contend Plaintiffs claims "were unreasonable and without foundation" because (1) Plaintiffs failed to successfully establish they had third-party standing to act on behalf of "prisoners and free world persons and organizations," id. at 1-2; (2) "Plaintiffs asserted that a heightened standard of review was required of the [Florida Department of Corrections ('Department('s)')]'s pen pal rule . . . partially based on overturned case law," id. at 2; and (3) "Plaintiffs failed to offer any evidence" that rebutted the Department's rationales for its policies or that showed the policies were an "'exaggerated response'" to Department concerns, id. at 2-3.

Regarding Count III, Defendants argue that "Plaintiff Perry selectively quoted the RLUIPA statute in an effort to make it appear that the statute applied to her." Id. at 4. Defendants contend the statute and relevant case law clearly establish that RLUIPA only applies to institutionalized persons. See id.

As to Count IV, Defendants assert they had immunity pursuant to the Eleventh Amendment, barring Plaintiff's state law claim. Id. Although Plaintiffs argued that Defendants waived their immunity because they failed to assert the defense, they engaged in discovery, and they failed to file a Rule 12[, Federal Rules of Civil Procedure ('Rule(s)'),] motion, Defendants point out that the Court found part of this argument "'simply meritless,'" and determined Defendants had not waived their immunity. Id. at 5-6 (quoting January 14, 2011 Order at 14).

With regard to Count V, Defendants contend Plaintiffs' due process claim was "unreasonable and without foundation" because (1) the Court determined that "'it is doubtful that Plaintiffs, as outside organizations that submit incoming mail only, maintain the requisite

liberty interest required to initiate a due process claim,'" id. at 6 (quoting January 14, 2011 Order at 16); and (2) Plaintiffs had "procedural recourse . . . available under Florida law," id.

Defendants also seek the following costs pursuant to 28 U.S.C. § 1920: fees for printed or electronically recorded transcripts necessarily obtained for use in the case; fees for witnesses; and fees for the costs of making copies necessarily obtained for use in the case pursuant to 28 U.S.C. § 1920(2), (3). See Motion at 9-10; Am. Bill of Costs at 1. Specifically, Defendants request costs for eleven deposition transcripts obtained for use in the case. Motion at 9. Additionally, Defendants seek costs for the appearance of Steve Arnold for his deposition and the costs of copies furnished by the Florida Justice Institute, Inc. Id. at 9-10; Doc. No. 101-1 at 92.

### B.   Opposition

In the Opposition, Plaintiffs contend that Defendants are not entitled to attorney's fees or other recoverable expenses pursuant to 42 U.S.C. § 1988. Opposition at 2, 10. Plaintiffs assert that their claims were not frivolous, unreasonable, or without foundation. See id. at 2. Regarding Counts I and II, Plaintiffs argue that although the Court did not ultimately agree with "Plaintiffs' alternative third-party standing arguments," it held Plaintiffs "had established a 'concrete, legally protected [First Amendment] interest' that had been harmed," Opposition at 9 (quoting January 14, 2011 Order), and that Plaintiffs had standing to bring their First Amendment claims. Id.

Plaintiffs state with regard to Count III that Plaintiff Perry "conducted an extensive analysis pursuant to Article III of the Constitution, supported by the text and legislative history of the Act itself." Id. Plaintiffs contend the issue of whether RLUIPA is applicable

to noninstitutionalized persons is not well-settled, as this issue "is currently pending before two separate Court of Appeals."  Id.  Further, Plaintiffs assert that Defendants filed two motions to dismiss which were not resolved by the Court, and Count III was only dismissed following "two rounds of summary judgment briefing and extensive oral argument by the parties."  Id.

As to Counts IV and V, Plaintiffs claim that "Defendants have failed to make even the slightest showing that Plaintiffs' claims lacked an arguable basis in either fact or law . . . ."  Id. at 10.  Plaintiffs state the Court determined Plaintiffs had standing to bring their FRFRA claims, but found Defendants' affirmative defense of immunity pursuant to the Eleventh Amendment barred the FRFRA claims.  Id.  Plaintiffs further state the Court determined that "a reasonable opportunity for Plaintiffs to protest the rejection of their mail existed so as to preclude the entry of summary judgment in their favor."  Id.

Plaintiffs assert that the merit of their claims is evident because of the following: (1) "[t]he parties conducted full discovery over a seven month period on all of Plaintiffs' claims"; (2) "Defendants filed two partial motions to dismiss . . . [the] RLUIPA claim in Count III for lack of standing, neither of which was resolved"; (3) after initial motions for summary judgment were filed, "the Court requested an additional round of summary judgment briefing after an additional fact witness was discovered and deposed"; (4) the Court "held lengthy oral argument on all of Plaintiffs' claims"; (5) the Court "analyzed in detail Plaintiffs' arguments, case law, and evidence" in the January 14, 2011 Order; and (6) Plaintiffs presented more than "800 pages of evidence into the record in support of their Motion for

Summary Judgment, including affidavits, expert testimony, deposition testimony of Florida Department of Corrections officials, as well as deposition testimony . . . ." Id. at 6-7.

As to costs, Plaintiffs argue that six of the eleven depositions requested by Defendants were not relied on by Defendants in their Amended Motion for Summary Judgment or in their response to Plaintiffs' Amended Motion for Summary Judgment. Id. a 12. Plaintiffs contend that "Defendants have failed to make any argument or showing whatsoever regarding the remaining six depositions . . . and why transcripts of these depositions were in any way necessary for the parties or the [C]ourt in disposition of the parties' cross motions for summary judgment." Id. Regarding the copies furnished by the Florida Justice Institute, Plaintiffs assert that "Defendants . . . offer no description or explanation whatsoever as to what their requested amount of copies is for or why it should be awarded." Id. at 13.

### III.  Discussion

**A.      Attorney's Fees**

Defendants are seeking attorney's fees pursuant to 42 U.S.C. § 1988 ("Section 1988"). Motion at 15. Section 1988 provides, in part, that in an action brought pursuant to 42 U.S.C. § 1983, "the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs . . . ." The Supreme Court has stated with regard to attorney's fees pursuant to Section 1988 that "[a] prevailing defendant may recover an attorney's fee only where the suit was vexatious, frivolous, or brought to harass or embarrass the defendant." Hensley v. Eckerhart, 461 U.S. 424, 429 n.2 (1983) (citation omitted). The standard to which a prevailing defendant is held is "a

stringent one." <u>Perry v. Orange Cnty.</u>, 341 F. Supp. 2d 1197, 1204 (M.D. Fla. 2004) (citing

<u>Hughes v. Rowe</u>, 449 U.S. 5, 14 (1980); <u>Walker v. NationsBank of Fla., N.A.</u>, 53 F.3d 1548,

1558 (11th Cir. 1995)).

The Supreme Court has cautioned as follows with regard to whether a claim is

frivolous, unreasonable, or without foundation:

> In applying these criteria, it is important that a district court resist the understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation. This kind of hindsight logic could discourage all but the most airtight claims, for seldom can a prospective plaintiff be sure of ultimate success. No matter how honest one's belief that he has been the victim of discrimination, no matter how meritorious one's claim may appear at the outset, the course of litigation is rarely predictable. Decisive facts may not emerge until discovery or trial. The law may change or clarify in the midst of litigation. Even when the law or the facts appear questionable or unfavorable at the outset, a party may have an entirely reasonable ground for bringing suit.

<u>Christiansburg Garment Co. v. E. E. O. C.</u>, 434 U.S. 412, 421-22 (1978).

"Frivolous" means that a case is "so lacking in arguable merit as to be groundless or

without foundation." <u>Sullivan v. Sch. Bd. of Pinellas Cnty.</u>, 773 F.2d 1182, 1189 (11th Cir.

1985) (citation omitted). Because of the nature of frivolous claims, cases in which courts

make findings of frivolity do not typically proceed beyond summary judgment or involuntary

dismissal. <u>See</u> <u>Sullivan</u>, 773 F.2d at 1189 (citing cases). However, simply because a case

is decided in summary judgment does not automatically render it frivolous. <u>See</u> <u>id.</u>; <u>Perry</u>,

341 F. Supp. 2d at 1205 (stating that "a defendant is not entitled to an award of attorney's

fees . . . simply because it prevailed in summary judgment"). A court must not focus on

whether the plaintiff's claims were ultimately successful when evaluating the frivolity of the

claim. <u>See</u> <u>Sullivan</u>, 773 F.2d at 1189 (citation omitted). A case is not frivolous when the

plaintiff provides adequate evidence to support his or her claim. Perry, 341 F. Supp. 2d at 1205.

In Sullivan, the Court identified three relevant but nonexclusive factors in determining whether a claim is frivolous: "(1) whether the plaintiff has established a prima facie case; (2) whether the defendant offered to settle; and (3) whether the trial court dismissed the case prior to trial or held a full-blown trial on the merits." Sullivan, 773 F.2d at 1189 (citation omitted). "In applying these three factors, [a] [c]ourt must remain cognizant of the definition of frivolity–whether an argument is 'so lacking in arguable merit as to be groundless or without foundation.'" Perry, 341 F. Supp. 2d at 1205. "Rigid application of these factors would lead to a result that Congress did not intend–that any defendant who prevailed on a dispositive motion would be entitled to fees." Id. Determinations of frivolity are made on a case-by-case basis. Sullivan, 773 F.2d at 1189.

Here, after the Court considered the Amended Motions for Summary Judgment from both parties, the Court granted Defendants' Amended Motion for Summary Judgment. Plaintiffs do not contest that Defendants are the "prevailing party" for purposes of seeking attorney's fees under Section 1988. See generally Opposition. As to the factors discussed in Sullivan, the parties are in agreement that no settlement offer was made by Defendant. Therefore, the undersigned only addresses whether the plaintiff established a prima facie case (factor (1)) and whether the trial court dismissed the case prior to trial or held a full-blown trial on the merits (factor (3)).

Addressing the first factor, Plaintiff raised five counts in the Second Amended Complaint. "Prima facie evidence means 'evidence of such nature as is sufficient to establish a fact and which, if unrebutted, remains sufficient for that purpose." Cont'l Cas.

Co. v. Adamo, 286 F. App'x 625, 627 (11th Cir. July 1, 2008) (unpublished).  In the January

14, 2011 Order, the Court dismissed all of Plaintiffs' counts.  As to Counts I and II, although

the Court determined Plaintiff had standing to bring these claims (but not third-party

standing), the Court concluded Plaintiff failed to present sufficient evidence to satisfy the

four-factor test discussed in Turner v. Safley, 482 U.S. 78, 89 (1978), which applies to

Constitutional challenges of rules regulating prison inmates.  See January 14, 2011 Order

at 12.  Regarding Count III, the Court concluded that because Plaintiff Perry was not an

inmate, she lacked standing to bring a RLUIPA claim.  Id. at 13.  Further, Plaintiff Perry

lacked third-party standing because she failed to show that inmates were unable to use

available resources to seek redress for any alleged RLUIPA violation.  Id. at 13-14.  With

respect to Count IV, the Court found Plaintiffs did have standing to raise a FRFRA claim but

determined Defendants' affirmative defense of sovereign immunity guaranteed by the

Eleventh Amendment barred this claim.  Id. at 15.  Finally, as to Count V, the Court

concluded Plaintiffs' due process claim failed because procedural recourse existed under

Florida law, and Plaintiffs had not complained that such procedures were inadequate.  Id.

at 17.  Accordingly, Plaintiffs failed to establish a prima facie case as to all five counts raised

in the Second Amended Complaint.  See Cont'l Cas. Co., 286 F. App'x at 627.

Regarding the third factor, as stated above, the Court granted Defendants' Amended

Motion for Summary Judgment.  However, as noted above, the analysis of this factor

extends beyond simply whether Defendants prevailed in summary judgment.  See O'Neal

v. DeKalb Cnty., Ga., 850 F.2d 653, 658 (11th Cir. 1988) (stating that "[s]imply because the

district court granted the defendants' motion for summary judgment does not mean that the

plaintiffs' action was frivolous"); Perry, 341 F. Supp. 2d at 1205 (stating that prevailing in

summary judgment does not automatically entitle a party to attorney's fees).  The Court must be mindful in applying this factor, as with the other <u>Sullivan</u> factors, of whether Plaintiffs' claims were "so lacking in arguable merit as to be groundless or without foundation." <u>Perry</u>, 341 F. Supp. 2d at 1205 (citing <u>Sullivan</u>, 773 F.2d at 1189).  The United States Court of Appeals for the Eleventh Circuit "has held that [a] plaintiff's section 1983 claims should not be considered groundless or without foundation for the purpose of an award of fees in favor of the defendants when the claims are meritorious enough to receive careful attention and review." <u>Busby v. City of Orlando</u>, 931 F.2d 764, 788 (11th Cir. 1991) (citing <u>O'Neal</u>, 850 F.2d at 658).

Here, Plaintiffs' claims were meritorious enough to receive careful attention and review from the Court.  <u>Busby</u>, 931 F.2d at 788.  The duration of the case, the evidence submitted by the parties, and the detailed consideration by the Court illustrate the merit of Plaintiffs' claims.  The initial Complaint was filed on May 5, 2009, and Defendants' Amended Motion for Summary Judgment was granted on January 14, 2011, more than twenty months following commencement of the action.  The parties engaged in extensive discovery and conducted more than ten depositions of fact and expert witnesses.  After discovery ended, and following submission of initial summary judgment motions by the parties, an additional relevant fact witness was discovered.  Thereafter, the Court permitted the parties to submit amended motions for summary judgment.  The parties submitted well-briefed Amended Motions for Summary Judgment and provided hundreds of pages of deposition transcripts and other evidence for the Court's consideration.  Moreover, the Court held oral argument on the parties' Amended Motions for Summary Judgment to aid in the resolution of the issues.  After careful consideration, the Court entered a nineteen-page Order thoroughly

analyzing Plaintiffs' claims.  See Hughes, 449 U.S. at 15 n.13 (emphasizing that the "detailed consideration resulting in a seven-page opinion" and "the detailed treatment given by the district court to the issues raised by [the] plaintiff's complaint" made it evident "that the suit was not groundless or meritless").  With respect to Plaintiffs' First Amendment claims, the Court recognized that Plaintiffs had "established that a concrete, legally protected interest . . . ha[d] been harmed[,]" January 14, 2011 Order at 8, although Plaintiffs did not ultimately prevail on the issue.

After due consideration of the Motion, the Opposition, and the file, the undersigned concludes Plaintiffs' claims were not "so lacking in arguable merit," Sullivan, 773 F.2d at 1189, and thus were not frivolous, unreasonable, or without foundation, see Christiansburg, 434 U.S. at 421-22.  Accordingly, Defendants' request for attorney's fees pursuant to Section 1988 is due to be denied.

As to Defendants' request to have travel, food, and lodging expenses taxed as costs, Defendants rely on Dowdell v. City of Apopka, Fla., 698 F.2d 1181, 1191-92 (11th Cir. 1983) (citations omitted) in support of this request.  Motion at 8.  Indeed, certain reasonable costs in addition to attorney's fees are recoverable to a prevailing litigant under Section 1988. N.A.A.C.P. v. City of Evergreen, Ala., 812 F.2d 1332, 1337 (11th Cir. 1987); see also Mallory v. Harkness, 923 F. Supp. 1546, 1557 (S.D. Fla. 1996) (stating that "because the [p]laintiff has sought attorney's fees under 42 U.S.C. § 1988, the traditional limits of 28 U.S.C. § 1920 do not restrict the recovery of costs").  In cases in which the prevailing party is successful in recovering attorney's fees, "all reasonable expenses incurred in case preparation, during the course of litigation, or as an aspect of settlement of the case may be taxed as costs under section 1988[,]" with the exception of routine office overhead.

Dowdell, 698 F.2d at 1191-92; see also Watson Const. Co. v. City of Gainesville, 256 F.

App'x 304 (11th Cir. Nov. 28, 2007) (unpublished) (upholding the district court's denial of

fees and costs pursuant to Section 1988 because the plaintiff's claims were not frivolous).

Here, the Court has determined that Defendants are not entitled to attorney's fees because

Plaintiffs' claims were not frivolous, unreasonable, or without foundation.   Accordingly,

Defendants' request to have travel, food, and lodging expenses taxed as costs pursuant to

Section 1988 is due to be denied.

### B.    Costs

Costs other than attorney's fees are provided for in Rule 54(d)(1) as follows: "Unless

a federal statute, these [R]ules, or a court order provides otherwise, costs . . . should be

allowed to the prevailing party."  When proceeding under Rule 54(d)(1), federal courts are

bound by the limitations set forth in 28 U.S.C. §§ 1821, 1920.  See Crawford Fitting Co. v.

J.T. Gibbons, Inc., 482 U.S. 437, 445 (1987).  Section 1920 permits a federal court to tax

the following:

> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> (5) Docket fees under section 1923 of this title;
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920; <u>see Crawford Fitting Co.</u>, 482 U.S. at 441-42 (explaining that "[section] 1920 defines the term 'costs' as used in Rule 54(d) [and] enumerates expenses that a federal court may tax as costs under the discretionary authority found in Rule 54(d)"). Although "[t]axation of witness fees is proper pursuant to [section] 1920(3)[,]" the amount is limited by 28 U.S.C. § 1821.  <u>Zunde</u>, 2000 WL 1763843, at *6.  Costs incurred for "facsimiles, long distance telephone calls, couriers, express mail, computerized legal research, attorney travel and lodging, postage, search services, office supplies, attorney meals, secretarial services, mediation and expert witness fees . . . are not compensable under [section] 1920 because these expenses are not enumerated in the statute." <u>Scelta v. Delicatessen Support Servs., Inc.</u>, 203 F. Supp. 2d 1328, 1339-40 (M.D. Fla. 2002) (citations omitted).  On the other hand, costs incurred for photocopying, service of process, witness fees, and court reporter fees are recoverable when "adequately described and documented." <u>Id.</u> at 1340.  "Under Rule 54(d), there is a strong presumption that the prevailing party will be awarded costs." <u>Mathews v. Crosby</u>, 480 F.3d 1265, 1276 (11th Cir. 2007).  Accordingly, the non-prevailing party has the burden of proof as to all costs except for those "matters within the exclusive knowledge of the prevailing party." <u>Helms v. Wal-Mart Stores, Inc.</u>, 808 F. Supp. 1568, 1570 (N.D. Ga. 1992) (citation omitted).

Defendants seek the following costs:

| | |
|---|---|
| Fees for Printed or Electronically Recorded Transcripts | $3,324.35 |
| Fees for Exemplification and Costs of Making Copies | $39.75 |
| Witness fees | $88.00 |

Amended Bill of Costs at 1.

### 1.      Costs for Printed or Electronically Recorded Transcripts

Defendants request costs for transcriptions of eleven depositions taken in the amount of $3,324.35.  Motion at 9.  Plaintiffs do not object to Defendants' recovery for the following depositions:  James Upchurch, Eugene Atherton, Steve Arnold, Joy Perry, Adam Lovell.  See Opposition at 14.  Thus, the undersigned specifically addresses Defendants' requests as to the following six depositions: Allen Overstreet, Kim Southerland, Barry Reddish, Steven Singer, Elizabeth Michael, and Tony Bair.

"Taxation of deposition costs is authorized by section 1920(2) . . . [for depositions] necessarily obtained for use in the case."  E. E. O. C. v. W & O, Inc., 213 F.3d 600, 620-21 (citations internal quotations omitted).  A court has "great latitude" in determining whether a transcript was "necessarily obtained for use in the case."  Newman v. A.E. Staley Mfg. Co., 648 F.2d 330, 337 (5th Cir. 1981) (citation and internal quotations omitted).[2]  The court may tax the cost of deposition transcripts when "the taking of those depositions appeared reasonable at the time they were taken."  Tang How v. Edward J. Gerrits, Inc., 756 F. Supp. 1540, 1545-46 (S.D. Fla. 1991), aff'd, 961 F.2d 174 (11th Cir. 1992).  "[W]here the deposition costs were merely incurred for convenience, to aid in thorough preparation, or for purposes of investigation only, the costs are not recoverable."  E. E. O. C., 213 F.3d at 620 (citations omitted).  "It is not necessary to use a deposition at trial for it to be taxable . . . ."  Id. at 621 (citation omitted).  In fact, "[the] . . . court may tax costs 'associated with the depositions submitted by the parties in support of their summary judgment

---

[2]      In Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former United States Court of Appeals for the Fifth Circuit that were rendered prior to the close of business on September 30, 1981.

motions.'" Id. (citing Tilton v. Capital Cities/ABC, Inc., 115 F.3d 1471, 1474 (10th Cir. 1997) (stating with regard to deposition transcripts submitted by parties in support of their respective positions for and against summary judgment, "[a]lthough the [c]ourt did not expressly cite to each and every deposition in its written order, *the [c]ourt considered all of the depositions submitted in determining whether summary judgment in favor of [the d]efendant was appropriate*") (emphasis in original)).

Here, as to the depositions of Kim Southerland, Barry Reddish, and Steven Singer, although not used in the parties' briefs in support of their respective positions in the Amended Motions for Summary Judgment, the invoice for a copy of these depositions indicates the depositions were obtained for preparation of witnesses for trial. See Doc. No. 101-1 at 74.  The transcripts of these depositions were requested on December 22, 2009, about two weeks after Defendants filed their Answer (Doc. No. 29) on December 8, 2009; this was reasonable at such an early stage in this action. See Tang How, 756 F. Supp. at 1545-46.  Accordingly, the depositions of Kim Southerland, Barry Reddish, and Steven Singer were necessarily obtained for use in the case and were not merely taken for investigative purposes or for the convenience of counsel for Defendants. See E. E. O. C., 213 F.3d at 620-21; Hargo v. Waters, No. 8:04-cv-2256-T-26MSS, 2006 WL 5042033, at *2-*3 (M.D. Fla. May 25, 2006) (unpublished) (awarding the defendant the cost of a transcript of his own deposition because the deposition was necessary at the time it was taken, even though it was never used at trial).

Regarding the depositions of Allen Overstreet and Elizabeth Michael, these depositions were necessarily obtained for use in the case and were not taken simply for

investigative purposes or for the convenience of counsel for Defendants.  See E. E. O. C., 213 F.3d at 620-21.  Neither deposition was submitted by Defendants in support of their Amended Motion for Summary Judgment.  Plaintiffs, however, submitted these depositions in support of their Amended Motion for Summary Judgment.  See Doc. Nos. 80-4, 80-6. Moreover, Defendants relied on the deposition of Elizabeth Michael in their response to Plaintiff's Amended Motion for Summary Judgment.   See Doc. No. 83 at 2, 12. Consequently, the Court considered the depositions of Allen Overstreet and Elizabeth Michael in determining whether summary judgment was appropriate for either party.  See E. E. O. C., 213 F.3d at 621; Tilton, 115 F.3d at 1474.

As for the deposition of Tony Bair, an expert witness of Plaintiffs, it was necessarily obtained for use in the case and was not taken just for investigative purposes or for the convenience of counsel for Defendants.  See E. E. O. C., 213 F.3d at 620-21.  Neither party submitted a transcript of Tony Bair's deposition in support of their respective positions in the Amended Motions for Summary Judgment, although Plaintiffs did rely on Mr. Bair's expert opinion in the form of an unsworn declaration in Plaintiffs' Amended Motion for Summary Judgment.  See Doc. No. 80-5.  Defendants requested a copy of Tony Bair's deposition on January 7, 2010, see Doc. No. 101-1 at 89, which was less than one month after they filed their Answer to the Amended Complaint.  Considering Tony Bair was disclosed as Plaintiffs' expert witness, and Defendants obtained the deposition transcript at an early stage in this case, Defendants' actions with regard to Mr. Bair's deposition were reasonable at that time. See Tang How, 756 F. Supp. at 1545-46.

In sum, Defendants may recover the costs of deposition transcripts for James

Upchurch, Eugene Atherton, Steve Arnold, and Adam Lovell, which are uncontested by

Plaintiffs.  Additionally, Defendants may recover the costs of deposition transcripts for Allen

Overstreet, Kim Southerland, Barry Reddish, Steven Singer, Elizabeth Michael, Tony Bair,

and Alex Taylor.[3]  The undersigned is satisfied these depositions were necessarily obtained

for use in the case.  Accordingly, Defendants are due **$3324.35** for copies of the foregoing

deposition transcripts.

### 2.    Costs of Making Copies

Defendants seek costs for copies in the amount of $39.75.  Motion at 9; Am. Bill of

Costs at 1.    Plaintiffs object to such costs because Defendants have not offered a

description of the copies or why the copies were necessary.  Opposition at 13.

Although "copies of papers necessarily obtained for use in the case" are taxable

under section 1920(4), "[c]opies obtained for the convenience of [the parties] are not

recoverable."  Helms, 808 F. Supp. at 1570.  "Similarly, general copying costs without

further description are not recoverable."  Monelus v. Tocodrian, Inc., 609 F. Supp. 2d 1328,

1335 (S.D. Fla. 2009) (citing Duckworth v. Whisenant, 97 F.3d 1393, 1399 (11th Cir. 1996)

(citation omitted)).  "The costs associated with copying documents for the purpose of

providing them to the court, however, are reimbursable[, as well as] costs of copies

produced to opposing counsel."  Id. (citations omitted).  In evaluating the necessity of the

---

[3]        It appears the cost of a transcript of the deposition of Alex Taylor was incorporated in the cost of Allen Overstreet's deposition transcript.  See Doc. No. 101-1 at 73.  Although Defendants do not specifically request recovery of the cost of the deposition of Alex Taylor, the undersigned finds the deposition was necessarily obtained for use in the case because Defendants relied on it in their response to Plaintiffs' Amended Motion for Summary Judgment.  See Doc. No. 83 at 12; Doc. No. 83-2 at 24-81.

copies, "the court should consider whether the prevailing party could have reasonably believed that it was necessary to copy the papers at issue." E. E. O. C. v. W & O, Inc., 213 F.3d at 623. "A prevailing party may not simply make unsubstantiated claims that such documents are necessary, since the prevailing party alone knows for what purpose the copies were made." Helms, 808 F. Supp. at 1570; see also Scelta, 203 F. Supp. 2d at 1340 (denying photocopying costs in their entirety due to prevailing party's failure to differentiate between recoverable costs necessarily obtained for use in the case and nonrecoverable costs obtained for convenience).[4]

Here, having reviewed the Amended Bill of Costs and the Motion, it is unclear from documentation submitted to the Court for what purpose Defendants obtained the copies. Although the documents contain a reference to the instant case, they do not otherwise specify what was copied or how the copies were used. Doc. No. 101-1 at 90-93. In fact, it is merely noted on a Purchase Requisition, "Justification: Need Payment for photocopies in advance before the copies will be forwarded to us." Id. at 90. Thus, the undersigned finds Defendants have not demonstrated that the copies were necessarily obtained for a reimbursable use in this case. See Monelus, 609 F. Supp. 2d at 1335. Accordingly, Defendants' request for costs in the amount of $39.75 for copies is due to be denied.

### 3.    Witness Costs

Although Defendants originally requested costs for the deposition appearances of Eugene Atherton and Steve Arnold, see Doc. No. 101-2 at 2, Defendants submitted the Amended Bill of Costs only requesting costs for the appearance of Steve Arnold, see Am.

---

[4]    The burden of proof is on Defendants because information with respect to the disputed photocopies is within their exclusive knowledge. See Helms, 808 F. Supp. at 1570.

Bill of Costs at 2.  Plaintiffs oppose costs with regard to Eugene Atherton, see Opposition at 13-14, but do not oppose costs with regard Steve Arnold's appearance for deposition or his travel costs associate with his appearance, see id. at 14.  Accordingly, Defendants are due **$88.00** in costs for Steve Arnold's appearance for and travel to his deposition.

## IV.  Conclusion

The undersigned finds Plaintiffs' claims were not frivolous, unreasonable, or without foundation.  As a result, Defendants' requests for attorney's fees and for travel, food, and lodging expenses to be taxed as costs pursuant to Section 1988 are due to be denied.  Defendants are awarded costs pursuant to 28 U.S.C. § 1920 in the following amounts: $3324.35 for copies of deposition transcripts and $88.00 for Steve Arnold's appearance for and travel to his deposition.

Based on the foregoing, it is

**ORDERED:**

1.    Defendants' Motion for Costs and Attorney's Fees (Doc. No. 101) is **GRANTED in part** and **DENIED in part**.

2.    The Motion is **GRANTED** as to the following requests:

(A)    For costs of deposition transcripts pursuant to 28 U.S.C. § 1920, as outlined above, in the amount of **$3324.35**; and

(B)    For costs of a witness appearance at deposition pursuant to 28 U.S.C. § 1920, as outlined above, in the amount of **$88.00**.

3.    In all other respects, the Motion is **DENIED**.

4.     The Clerk of the Court is directed to enter judgment in favor of Defendants and against Plaintiffs for costs in accordance with the above directives.

5.     The file shall remain closed.

**DONE AND ORDERED** at Jacksonville, Florida on July 14, 2011.

_James R. Klindt_
**JAMES R. KLINDT**
United States Magistrate Judge

wlg
Copies to:
Counsel of Record