UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

**JOY PERRY, doing business as**
**FREEDOM THROUGH CHRIST**
**PRISON MINISTRY and PRISON**
**PEN PALS, and**
**WRITEAPRISONER.COM, INC.,**
a Florida corporation,

      Plaintiffs,

vs.                                    Case No.: 3:09-cv-403-MMH-JRK

**BARRY REDDISH, in his official**
**Capacity as Warden at Union**
**Correctional Institution, et al.,**

      **Defendants.**
_____/

### DEFENDANTS' APPEAL TO THE DISTRICT JUDGE OF THE MAGISTRATE'S ORDER ON THEIR MOTION FOR COSTS AND ATTORNEYS' FEES

Defendants **Reddish**, **Singer**, **Southerland**, and **McNeil**, through undersigned counsel and pursuant to Rule 72(a), Federal Rules of Civil Procedure, appeal the magistrate's July 14, 2011 order (DE 109) and seek review of the order by the district judge, Judge Magnuson. Defendants state the following grounds for their appeal:

    1.    The Defendants are willing to concede that the Court devoted considerable attention to the Plaintiff s' First Amendment claims (Counts I and II). However, the other claims (Counts III-V: RLUIPA, FRFRA, and Due Process) were disposed of in summary fashion. (DE 97)

    2.    The Court devoted a mere two pages to the RLUIPA claim and concluded that the

1

plain language of the statute clearly did not apply to Plaintiff Perry. (DE 97 at 12-14)

3. The Court devoted a mere two pages to the FRFRA claim and concluded that the State of Florida had sovereign immunity against the claim. (DE 97 at 14-15) When the Plaintiff attempted to assert that Defendants had waived the defense, the Court noted that Plaintiff's argument was "simply meritless." (DE 97 at 14)

4. The Court devoted a mere two pages to the Due Process claim and concluded that Plaintiffs had state procedural remedies available to them and did not complain of the adequacy of those remedies. (DE 97 at 15-17)

5. Thus, while the First Amendment claims did receive careful attention of the Court and those claims were the moving force behind the entire case, the magistrate judge, in his order denying attorneys' fees, pointed to no evidence that the other claims received the same attention. In fact, the Court's order, as shown above, would suggest otherwise. (DE 97 at 12-17) Accordingly, the magistrate erred by making a determination that all claims received careful attention without differentiation between the individual claims. (DE 109 at 11-12)

6. The case took twenty months to litigate because Plaintiffs twice amended their complaint. (DE's 26, 77) The first amendment occurred six months after the original complaint was filed. (DE's 1, 26) The second amended complaint was filed nearly sixteen months after the case was filed. (DE's 1, 77) That the case took twenty months to litigate was due solely to the Plaintiffs' filing of amended complaints, not the Court's close attention to all of their claims. In fact, once the Plaintiffs finally filed a complaint they were willing stand by, the case was resolved at breakneck speed.

7. While the parties did engage in extensive discovery, the majority of that discovery

involved the First Amendment claims. Even with this extensive discovery, the Plaintiffs failed to establish a *prima facie* case in any of their five claims. (DE 109 at 10) Clearly, their claims were baseless and not borne out by the facts or the law.

8. The Defendants steadfastly maintained in their filings throughout the case that Plaintiffs' claims under RLUIPA, RFRFA, and Due Process were legally frivolous and/or without foundation. (DE's 7, 28, 43, 55, 78, 79, 83)

9. The magistrate failed to examine the legal arguments individually to determine if any individual argument was indeed frivolous and/or without foundation. As noted repeatedly by the Defendants, no court has ever accepted Plaintiff Perry's assertion that RLUIPA applies to non-institutionalized persons. Further, Plaintiffs asserted that the issue was on appeal in two courts. (DE 105 at 9) This is not entirely true. First, Plaintiffs did not take the issue to the Eleventh Circuit. See Case Number 11-10694, Joy Perry, et al. v. Secretary, Florida Department of Corrections, et al. Second, the Ninth Circuit Court of Appeals recently summarily disposed of the claim in a single paragraph. McCollum v. California Dept. of Corrections and Rehabilitation, No. 09–16404, 2011 WL 2138221, at *9 (9th Cir. June 01, 2011). The magistrate erred as he never attempted to explain how Plaintiff's legal argument was not frivolous and/or without foundation.

10. As repeatedly noted by the Defendants, a state law claim for injunctive relief cannot be brought in federal court. Decades old Supreme Court law states this. Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 106 (1984) ("A federal court's grant of relief against state officials on the basis of state law, whether prospective or retroactive, does not vindicate the supreme authority of federal law. On the contrary, it is difficult to think of a greater intrusion on

3

state sovereignty than when a federal court instructs state officials on how to conform their conduct to state law. Such a result conflicts directly with the principles of federalism that underlie the Eleventh Amendment"). When Plaintiff's counsel attempted to argue around this fact by asserting that the defense was waived, their argument was called "simply meritless" by the Court. The magistrate erred as he never attempted to explain how Plaintiff's legal argument was not frivolous and/or without foundation.

11.   Finally, because Plaintiffs had Chapter 120 of the Florida Statutes at their disposal and did not complain of the adequacy of state remedies, Plaintiffs' assertion that they were not provided procedural due process was frivolous. See U.S. v. Georgia, 546 U.S. 151, 158 (2006) (citing Florida Prepaid Postsecondary Ed. Expense Bd. v. College Savings Bank, 527 U.S. 627, 643–644, and n.9 (1999) (Florida satisfied due process by providing remedies for patent infringement by state actors)); Cotton v. Jackson, 216 F.3d 1328, 1331 n.2 (11th Cir. 2000) (noting that procedural due process violations do not even exist unless no adequate state remedies are available); McKinney v. Pate, 20 F.3d 1550, 1557 (11th Cir. 1994) (stating that only when the state refuses to provide a process sufficient to remedy the procedural deprivation does a constitutional violation become actionable under section 1983). The magistrate erred as he never attempted to explain how Plaintiff's legal argument was not frivolous and/or without foundation.

## CONCLUSION

For the abovementioned reasons, Defendants request the district judge review the July 14, 2011 order of the magistrate judge, modify the order, and grant Defendants attorneys' fees and

4

associated costs for Plaintiffs' assertion of frivolous legal theories. Defendants request an amount deemed reasonable by the Court.

>Respectfully Submitted,
>
>**PAMELA JO BONDI**
>**ATTORNEY GENERAL**
>
>s/ Lance Eric Neff
>LANCE ERIC NEFF
>Assistant Attorney General
>Florida Bar No. 26626
>Lance.Neff@myfloridalegal.com
>
>s/Joe Belitzky
>JOE BELITZKY
>Senior Assistant Attorney General
>Florida Bar No. 217301
>
>Office of the Attorney General
>The Capitol, Suite PL-01
>Tallahassee Florida 32399-1050
>Telephone: (850) 414-3300

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of this motion has been furnished electronically through the court's CM/ECF system to counsel of record on this 21st day of July, 2011.

>s/ Lance Eric Neff
>LANCE ERIC NEFF